IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAFAYE BURKHOLDER,

        Plaintiff,

v.

ASBESTOS CLAIMS MANAGEMENT
CORPORATION; BRYAN STEAM LLC;
C. H. MURPHY/CLARK-ULLMAN INC.;
FEDERATED DEVELOPMENT COMPANY;
GARLOCK SEALING TECHNOLOGIES LLC;
GATKE CORPORATION; GENERAL ELECTRIC
COMPANY; MACARTHUR COMPANY; OWENS-
ILLINOIS INC.; PLANT INSULATION
COMPANY; UNIROYAL HOLDING INC.;
WESTERN ASBESTOS COMPANY; and WESTERN
MACARTHUR COMPANY,

        Defendants.

07-CV-781-BR

AMENDED
OPINION AND ORDER

JAMES E. SHADDUCK
Brayton Purcell, LLP
621 S.W. Morrison Street
Suite 950
Portland, OR 97205
(503) 295-4931

        Attorneys for Plaintiff

1 - AMENDED OPINION AND ORDER

**JAMES H. GIDLEY**
**KEVIN M. SALI**
Perkins Coie, LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209
(503) 727-2000

      Attorneys for Defendant Federated Development Company


**BROWN, Judge.**

      This matter comes before the Court on Plaintiff LaFaye Burkholder's Motion (#6) to Remand and request for attorneys' fees and costs.

      For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Remand but **DENIES** Plaintiff's request for attorneys' fees and costs.


#### BACKGROUND

      Plaintiff, a resident of Georgia, filed a complaint in Multnomah County Circuit Court on October 6, 2005, asserting damages for asbestos-related injuries. Out of the initial group of eleven named defendants, only C. H. Murphy/Clark-Ullman, Inc., is an Oregon company. C. H. Murphy was served with a copy of the complaint and summons on October 20, 2005. According to Plaintiff, she settled her claim against C. H. Murphy on approximately May 12, 2006. Plaintiff, however, did not file any pleading or other notice in the state court record effectively

2 - AMENDED OPINION AND ORDER

dismissing C. H. Murphy from the case.  Thus, it appears C. H. Murphy remains an active defendant.

On August 15, 2006, Plaintiff filed a second amended complaint in Multnomah County Circuit Court.  In her second amended complaint, Plaintiff added Federated Development Company as a defendant and continued to name C. H. Murphy as a defendant.  Federated, however, was not served with a copy of the second amended complaint and summons until May 1, 2007.[1]

On May 25, 2007, Federated removed the action to this Court on the basis of diversity jurisdiction.  On June 6, 2007, Federated filed an Answer to Plaintiff's second amended complaint.  On June 22, 2007, Plaintiff filed her Motion to Remand.

The Court heard oral argument regarding Plaintiff's Motion on August 6, 2007.  The Court allowed the parties to submit supplemental briefs as to the impact of the continued presence of C. H. Murphy, an Oregon corporation, as a defendant in light of the fact that an action cannot be removed to federal court on diversity grounds when any defendant is a citizen of the state in which the action is filed.  The Court took Plaintiff's Motion under advisement on  August 6, 2007.

---

[1] Although there is some confusion in the record as to the precise date that Federated was served, the parties agree that this dispute is not material to the issues before the Court.

3 - AMENDED OPINION AND ORDER

**STANDARDS**

Pursuant to 28 U.S.C. § 1441, an action filed in state court may be removed to federal court if the federal court would have had original subject-matter jurisdiction over the action. The removal statute is strictly construed, however, and any doubt about the right to remove is resolved in favor of remand. *See, e.g., Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). "[T]he defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)(internal citations omitted). A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (1995).

**DISCUSSION**

Plaintiff seeks remand of this action on the ground that 28 U.S.C. § 1446(b) does not permit removal of an action based on diversity more than one year after the action commences. As noted, however, a threshold issue is whether this Court has jurisdiction in light of the fact that Defendant C. H. Murphy is a resident of Oregon.

**I.   C. H. Murphy's Continued Presence as a Named Defendant Does Not Affect the Court's Jurisdiction Over the Matter.**

If the federal district court does not have "original

4 - AMENDED OPINION AND ORDER

jurisdiction" based on subject matter, 28 U.S.C. § 1441(b) provides that

> such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*See Spencer v. U.S. Dist. Court for N. Dist. of Ca.*, 393 F.3d 867, 869 (9th Cir. 2004)(refers to § 1441(b) as the "forum defendant" rule). It is undisputed that Federated removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Even though Plaintiff asserts she reached a settlement with C. H. Murphy around May 12, 2006, the Court notes C. H. Murphy is a named defendant in the Second Amended Complaint that Federated ultimately removed and remains listed as an active defendant at this time.

The Ninth Circuit recently held the forum-defendant rule is procedural and does not implicate the Court's jurisdiction if it is not affirmatively raised by a plaintiff as a basis for remand. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006)("We join eight of the nine circuits that have decided this issue and hold that the forum defendant rule is procedural, and therefore a violation of this rule is a waivable defect in the removal process that cannot form the basis for a district court's *sua sponte* remand order.")(internal citations omitted).

Here Plaintiff did not base her Motion for Remand on

5 - AMENDED OPINION AND ORDER

§ 1441(b). Moreover, Plaintiff expressly indicated at oral argument that she did not seek to pursue remand on that basis.

Accordingly, the Court concludes the forum-defendant rule of § 1441(b) does not raise a jurisdictional issue and does not serve as a basis for remanding this matter.

**II. Defendant Federated Did Not Timely Remove this Action.**

Plaintiff seeks remand on the ground that 28 U.S.C. § 1446(b) does not permit removal of an action from state court on the basis of diversity if more than one year has passed since the action commenced.

Section 1446(b) provides in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

"[T]he one-year deadline in 28 U.S.C. § 1446(b) for removing diversity cases applies only to cases in which there is no basis for diversity jurisdiction when the case is filed in state court." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 n.3 (9th Cir. 2001)(citing *Ritchey v. Upjohn Drug. Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998)). When removal is based on diversity, § 1446(b) prevents the waste of judicial resources "by limiting

6 - AMENDED OPINION AND ORDER

the extended period of removal to one year after commencement of the action."  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005)(internal citations omitted).  The Ninth Circuit has held:

> The second paragraph of § 1446(b) provides for removal in those cases where the action could not have initially been removed, but became removable because the complaint has been amended.  The rule specifies that, in any event, a case may not be removed "more than 1 year after *commencement* of the action."  28 U.S.C. § 1446(b) (emphasis added).  "Commencement" in this context refers to when the action was initiated in state court, according to state procedures.

*Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 688 (9th Cir. 2005).

Here the action arguably was not removable under § 1446(b) while C. H. Murphy, an Oregon corporation, was a defendant.  If Plaintiff settled her claim against C. H. Murphy, however, the action would have become removable on diversity grounds at the time of that alleged settlement because C. H. Murphy no longer would have been a defendant.  According to Plaintiff, her action "commenced" with the filing of her initial complaint in state court on October 6, 2005.  Because Federated did not file its Notice of Removal based on diversity until May 25, 2007, well after one year from the date the complaint was originally filed, Plaintiff contends remand is required.  Federated, however, argues "commencement of the action" under § 1446(b) is a relative term and that the one-year limit for removal does not start until

7 - AMENDED OPINION AND ORDER

the action is commenced with respect to a particular defendant at the time that a defendant is first named in the case. Thus, according to Federated, the one-year time limit under § 1446(b) did not start for Federated until it was added as a named defendant in the Second Amended Complaint filed on August 15, 2006, and, therefore, the Court should deny Plaintiff's Motion because removal was timely.

Federated relies on *Barnett v. Sylacauga Autoplex*, a case from the Northern District of Alabama, in which the court interpreted the Alabama Rules of Civil Procedure to mean that an action "commences" with respect to a newly added party under § 1446(b) on the date the new party is added to the action. 973 F. Supp. 1358, 1363 (N.D. Ala. 1997). As the *Barnett* court pointed out, however, commencement of an action is a question of state law. *Id.* Thus, this Court must determine when commencement of the action occurred under Oregon law rather than Alabama law.

Oregon Rules of Civil Procedure 3 provides "an action shall be commenced by filing a complaint with the clerk of the court." Moreover, a complaint generally is the initial pleading in a civil action. *See, e.g., In re Hanks*, 290 Or. 451, 460-61 (1981)("[T]he nature of a complaint, to be governed by the rules of pleading and, like any initial pleading, it must give the contemnor adequate notice of the charge."). In addition, as

8 - AMENDED OPINION AND ORDER

noted, § 1446(b) governs the removability of a "case stated by the initial pleading." The Court notes Oregon Rule of Civil Procedure 23C provides an amended complaint that adds a proper defendant can relate back to the date of the initial complaint under the proper circumstances.

> The apparent rationale for allowing a post-limitation amendment to relate back to the pre-limitation pleading, and thereby defeat the statute of limitations, is that a party who is notified of litigation concerning certain conduct or a given transaction or occurrence through the original complaint, has been given the notice that the statute of limitations was intended to assure.

*Welch v. Bancorp Mgmt. Advisors, Inc.*, 296 Or. 208, 221 (Or. 1983)(internal citations omitted). There is not any authority, however, that interprets Rule 23C in such a way as to indicate a case "commences" for purposes of Oregon law at a different time as to each defendant added to a case by amending the complaint. Thus, the default rule of Oregon Rule of Civil Procedure 3 dictates this action was commenced at the time the original complaint was filed.

As the Ninth Circuit has noted, the second paragraph of § 1446(b) "addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action." *Ritchey*, 139 F.3d 1316. *See also*, Schwarzer, Tashima & Wagstaffe, *Rutter Group Prac. Guide: Fed. Civ. P. Before Trial* at 2:959 ("Cases not

9 - AMENDED OPINION AND ORDER

originally removable on diversity grounds are not removable after 1 year[; *i.e.*,] later changes creating diversity are *not* ground for removal.")(emphasis in original). The Ninth Circuit also has held "'[c]ommencement' in this context refers to when the action was *initiated in state court*, according to state procedures." *Bush*, 425 F.3d at 688 (emphasis added). Here that occurred with the filing of the original complaint in state court on October 6, 2005.

Alternatively, Federated argues § 1446(b) is subject to equitable tolling in the proper circumstances, and, therefore, Federated's removal should be deemed timely. Although the Ninth Circuit has not addressed this issue, Federated points out that the Fifth Circuit has held "[s]ection 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003).

Federated points out that Plaintiff filed her second amended complaint adding Federated as a defendant on August 15, 2006, and then inexplicably waited until May 1, 2007, before serving Federated. If Plaintiff had served Federated immediately upon filing her second amended complaint, Federated would have had an opportunity to remove before the expiration of the one-year removal period in October 2006. Under these circumstances, Federated argues equitable tolling should apply and removal

10 - AMENDED OPINION AND ORDER

should be deemed timely.

The Court disagrees. Even if the Court adopted the Fifth Circuit's analysis in *Tedford*, the factual scenario here does not compel equitable tolling. In *Tedford*, the plaintiff amended her complaint after learning of a defendant's intent to remove, signed and post-dated a notice of non-suit prior to the expiration of the relevant one-year period, and then failed to file the notice with the court or even notify the defendant until after the one-year time limit had expired. *Id.* at 427-29. The Fifth Circuit referred to these actions as clear examples of "forum manipulation [that] justifie[d] application of an equitable exception" to § 1446(b). *Id.* at 427. Thus, the Fifth Circuit concluded "[e]quity demands [the plaintiff] be estopped from seeking to remand the case on the basis of the [§ 1446(b)] one-year limit." *Id.* at 428.

Here the record demonstrates no more than Plaintiff failed to serve Federated between August 15, 2006, and May 1, 2007, and that during this time period, there remained an active Oregon-resident defendant in the case. As noted, the removal statute is construed strictly and any doubt about the right to remove is resolved in favor of remand. *See Abrego Abrego*, 443 F.3d at 685. "[T]he defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. Aside from the temporal sequence of events, there is not any evidentiary

suggestion that Plaintiff affirmatively engaged in impermissible "forum manipulation" like the plaintiff in *Tedford*. Because Plaintiff has challenged Federated's right to remove, however, Federated bears the burden of demonstrating that removal was proper. *See Gaus*, 980 F.2d at 566. Because Defendant has not demonstrated why these circumstance establish Plaintiff had an impermissible reason for not serving Federated sooner, the Court does not see any basis to consider whether equitable tolling is appropriate here.

Accordingly, the Court concludes Federated did not timely remove this action from state court pursuant to the requirements of 28 U.S.C. § 1446(b), and, therefore, the Court grants Plaintiff's Motion to Remand.

### III. Plaintiff's Motion for Attorneys' Fees and Costs.

28 U.S.C. § 1447(c) provides "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." The Supreme Court recently held, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 708 (2005).

Plaintiff moves for an award pursuant to § 1447(c) on the ground that removal was not proper. After reviewing the record and in light of the Fifth Circuit's opinion in *Tedford*, the Court

concludes Federated had an "objectively reasonable basis for removal," and, therefore, an award under § 1447(c) is not warranted.  The record reflects Federated reasonably removed within 30 days of being served.  The mere fact that the Court is granting Plaintiff's Motion to Remand does not mean the Court concludes Federated removed this action without an objectively reasonable basis.

Accordingly, the Court denies Plaintiff's request for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion to Remand (#6) but **DENIES** Plaintiff's request for attorneys' fees and costs.

IT IS SO ORDERED.

DATED this 28th day of August, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

13 - AMENDED OPINION AND ORDER